At the present Term,
Smith, C. J.,
expressed his concurrence with the order to amend made at the last Term.
He said he was aware that the letter of the statute seemed to forbid any amendment. The words are, “such actions shall be tried upon the pleas made upon the former trial upon record.” And [he was also aware] that, in Massachusetts, it had been considered that the Court could not direct, i. e. order, *203 without consent, any alteration or amendment in the pleadings. 1 Mass. 160, 243. (a) But he conceived that the meaning was only that new pleadings should not be required ; that, as a matter of course, the trial should be on the old pleadings. This phraseology was used to explain the old law, and to do away a very idle ceremony — pleading that the former judgment was in nothing erroneous. The old law, Prov. Law, p. 27, declared that each party should have the benefit of any new and further plea and evidence. In the new act, it was declared that either party, on the review, might use any new and further evidence, omitting the word plea ; and the action shall be tried on the former plea. It was not intended to take away or abridge the equitable and useful power of the Court to amend the proceedings in every stage of the cause; there are no words necessarily requiring this construction. Indeed [?] the Court will not suffer the pleadings to be changed as a matter of course, or without taking care that the other party suffer no real inconvenience thereby. (b)
The cause was now tried; and verdict for plaintiff, $77.76.
[Judge Smith’s Note to a Previous Decision, 6 Manuscript Reports, 296.]
If it were necessary, it is conceived that defendant might amend or plead anew by leave of court, though on review. The Statute, ed. 1805, 90, says the action shall be tried upon the pleas made on the former trial upon record. The design of this clause was to take away the senseless practice of pleading to the writ of review, which formerly prevailed. The old law said the party reviewing should have the benefit of any new and further plea and evidence. This meant argument and proof. It was not intended to touch or trench on the power of courts to permit amendments in every stage of a cause, — a very useful and necessary power, which existed at *204 common law. • The Court may, and doubtless will, in such cases, as in all others, grant leave on such terms as shall work no hardship or injustice.
See 1 Mass. 159, 242, contra.[1]

 Mass. Act, I. 171. There shall be no further pleadings; but the action shall, be tried upon the review by the issue appearing upon the record to have been originally joined by the parties.

J) If this amendment take place, the cause will be still “ tried upon the plea made upon the former trial on record.”

 The statute of Dec. 16, 1824, enacts, “ that in any action of review, pending in any court in this State, the justices thereof shall have power to order any amendment of the original writ, record, or proceedings in any part thereof.” See Gen. Laws, e. 234, § 6.
In Edgerly v. Emerson, 1827, 4 N. H. 147, 148, the Court recognized the practice which existed before this statute, of allowing “ amendment of the forms of the proceedings.”
Since the statute of 1824, it has been held, that the original defendant, when plaintiff in review, cannot plead, in bar of the original cause of action, matter arising subsequently to the original judgment: Burley v. Burley, 1833, 6 N. H. 204; Zollar v. Janvrin, 1869, 49 N. H. 114; nor can such matter be pleaded by a defendant in review, by way of bar to the writ of review: Otis v. Currier, 1845, 17 N. H. 463. But the defendant may, under the general issue originally filed in the case, prove an act voluntarily done by the plaintiff since the original judgment, which is of such a nature as to avoid the plaintiff’s action from the' beginning: Barker v. Wendell, 1841, 12 N. H. 119; and “ a defendant in review may perhaps plead a release of the right of review : ” Richardson, C. J., in Burley v. Burley, 1833, 6 N. H. 204, 205.
The Court may, in its discretion, refuse, upon review, to allow a demurrer to the original declaration. Colebrook v. Merrill, 1870, 49 N. H. 213.
Amendments changing the form or cause of action are not allowable on review; either before the statute of 1824: Edgerly v. Emerson, ubi supra; or since that statute: Pearson v. Smith, 1873, 54 N. H. 65. In Edgerly v. Emerson, it was held that a set-off could not be filed on review.
A writ of review may be amended. Tilton v. Parker, 1827, 4 N. H. 142.